homestead, these men, Smith & McCurdy, had no title as individuals to this property; and no title in it whatever under the order of court, except as an exemption for the benefit of the family, in their character of heads of families, without power to alienate except jointly with their wives, and then only for the purpose of reinvestment in some other property to be held as an exemption. Therefore Smith & McCurdy had no power to sell. Foster had full notice that this was a family exemption, and was bound to know the provisions of the laws of Virginia denying to them that power. It is a plain principle of law that a person who buys goods (otherwise than in market overt) acquires no better title than that possessed by his immediate vendor, even though such purchaser buys bona fide, without notice of any infirmity of title on the part of his vendor. Here Foster bought with full notice of facts which, as he was bound in law to know, negative the right of the vendors to sell. He therefore acquired no right to the goods by his purchase. To allow such a purchase as this to stand would be to establish a pernicious precedent.

The goods in question must therefore be taken possession of by the assignee as part of the assets of these bankrupts.

---

## Case No. 12,980.

### In re SMITH.

[11 Int. Rev. Rec. 78.]

District Court, S. D. New York. 1870.

FORFEITURE—BREWERY—FRAUDULENT MANUFACTURE.

In the case of the brewery of Mrs. Clarissa Smith, at Kingston, a verdict was given on the 28th of February against the claimants, the jury refusing to believe the assertion of the defendant's witnesses, that the "blotter," extracts from which were introduced by the prosecution, was merely a memorandum book kept by the foreman in the absence of the superintendent, and that the entries in it were faithfully transferred to the book required to be kept by law. On the contrary, they held that the amounts of ale entered in the "blotter" were fraudulently manufactured, and consequently the brewery and contents, appraised at $1,700, were declared forfeited.